UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| VELTOR COTTON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 2:15-cv-00421-WTL-MJD |
| WABASH VALLEY CORRECTIONAL FACILITY, | ) ) ) ) |
| Respondent. | ) ) |

**Entry Granting Motion to Dismiss**

Veltor Cotton, an inmate presently confined at the Wabash Valley Correctional Facility in Carlisle, Indiana, has petitioned this Court to issue a writ of habeas corpus due to errors allegedly occurring in a prison disciplinary proceeding. Specifically, Mr. Cotton challenges a prison disciplinary conviction for a Class A 102 offense of battery with a serious injury, case WVD 15-01-0059. The Respondent argues that Mr. Cotton did not follow the proper procedure to administratively appeal, thus this action should be dismissed.

**I. Background**

The Indiana Department of Correction ("IDOC") Adult Disciplinary Procedures manual mandates that an appeal must be filed within fifteen days from the prison disciplinary hearing date to the Facility Head. Only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

On February 3, 2015, Mr. Cotton was found guilty at a disciplinary hearing and sanctions were imposed, including a written reprimand, lost phone privileges, disciplinary segregation, restitution, a 120-day deprivation of earned credit time, and a demotion from credit class I to III.

Mr. Cotton filed a timely appeal to the Facility Head. This appeal was denied on February 18, 2015. Mr. Cotton did not subsequently appeal to the IDOC Appeals Review Officer until November 2, 2015, well outside the 15-day window he had to file it.

## II. Exhaustion of Administrative Remedies

Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992). The Seventh Circuit has held that principles of exhaustion of available state remedies and procedural default apply to prison disciplinary proceedings as they do to convictions, even though judicial review is not available. *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992). Thus the prisoner must take all available appeals, including administrative appeals, and must have raised in those appeals any issue on which the prisoner seeks federal review. *E.g.*, *Eads*, 280 F.3d at 729. The failure to do so, constitutes a procedural default.

The Respondent argues that because Mr. Cotton failed to exhaust the administrative appeals process, and because the time to complete such administrative appeals has passed, no relief can be given under the habeas corpus doctrine and this action must be dismissed.

In response, Mr. Cotton argues that he spent six months in CCU segregation and "that gives some of my reasons of why remedies were not exhausted. Then moved 7-16-15 to the SHU another segregation unit in the facility where I gained more of a chance and knowledge of higher staff and state." Dkt 12 at p. 1. In another filing, Mr. Cotton states that he was not allowed law computer and was "illiterate to timely appeal process." Dkt. 17 at p. 3.

The pleadings and the expanded record in this action show that Mr. Cotton did not exhaust his available administrative remedies with respect to the disciplinary proceeding challenged here.

Mr. Cotton could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997) (*citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). However, Mr. Cotton has not shown cause for and prejudice from his failure to appeal. The fact that Mr. Cotton was in segregation does not excuse him from filing a timely appeal to the IDOC Appeals Review Officer. Even if Mr. Cotton could be understood to assert that his attempts to file an appeal to the IDOC Appeals Review Officer was stymied while he was in CCU segregation, there is no explanation for the delay in filing the appeal to the IDOC review officer after Mr. Cotton was transferred out of the CCU on July 16, 2015.

Accordingly, the court is precluded from reaching the merits of the claims in the petition. The petition for a writ of habeas corpus is therefore denied, the respondent's motion to dismiss [dkt. 10] is **granted** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/29/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

VELTOR COTTON
174763
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only